UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL DEPUYDT MEIER,<br><br>Plaintiff,<br><br>v.<br><br>US BANCORP, et al.,<br><br>Defendants. | Case No. 18-cv-03917-JST<br><br>**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT AND ORDER TO SHOW CAUSE**<br><br>Re: ECF Nos. 23, 34 |

Before the Court are cross-motions for summary judgment filed by Plaintiff Carol Meier and Defendants U.S. Bancorp and U.S. Bank National Association ("U.S. Bank"). ECF Nos. 23, 34. For the following reasons, the Court will grant Defendants' motion in part and deny Meier's cross-motion.[1]

**I.  BACKGROUND**

**A.  Factual Background**

On March 30, 2006, Meier obtained a mortgage loan for $600,000 from Downey Savings and Loan Association, F.A., secured by a property in Walnut Creek, California. ECF No. 24 at 2, 9-12, 14-40. On November 21, 2008, the Federal Deposit Insurance Corporation ("FDIC"), acting as a receiver for Downey, entered into an agreement for U.S. Bank to purchase various assets, including Meier's loan. *Id.* at 3, 132. Pursuant to this agreement, U.S. Bank was assigned the note and the deed of trust associated with the loan in subsequent transactions. *Id.* at 3, 134, 143-44. U.S. Bancorp is the parent corporation of U.S. Bank, but does not own or service the loan. *Id.*

---

[1] The Court refers to U.S. Bancorp and U.S. Bank collectively as "Defendants" throughout this order. Quality Loan Service Corporation ("QLSC"), the remaining defendant in this action, has not yet appeared.

at 6.

Meier defaulted on the loan in December 2009. *Id.* at 3. U.S. Bank recorded a notice of default and notice of trustee's sale on April 21, 2010, and July 27, 2010, respectively. *Id.* at 3, 146-47, 149-50. U.S. Bank has recorded additional notices of default and trustee's sale, most recently on May 24, 2018 and August 3, 2018. *Id.* at 5, 204-08. A sale scheduled for September 11, 2018, was postponed when Meier filed for Chapter 11 bankruptcy. *Id.* at 5.[2] As of November 9, 2018, Meier's outstanding balance was over $832,000 and the loan was 104 months past due. *Id.*

The current dispute centers on a purported "Payment Bond" that Meier alleges she submitted to U.S. Bank on May 10, 2014, as full payment for the loan. ECF No. 1-1 at 6, 13-20. U.S. Bank responded via letter on May 29, 2014, acknowledging that it had received the following documents: (1) Proof of Service; (2) Verified Default in Dishonor, Certificate of Non-Response, Certificate of Estoppel; (3) First Notice of Fault – Opportunity to Cure; and (4) Demand for Verified Proof of Claim. ECF No. 24 at 164. The letter stated: "The Bank's position remains the same. The statements made and documents contained within your correspondence do not alter or change the nature or terms of your agreement with U.S. Bank in any way nor is your contractual obligation to repay the balance owed on this account in full neither discharged nor forgiven." *Id.* According to Defendants, the Payment Bond was "worthless" and U.S. Bank never received any money associated with the bond. ECF No. 24 at 4-5.

Meier also alleges that Defendants failed to respond when she submitted an inquiry regarding the servicing of her loan, sometime around March 21, 2014. ECF No. 1-1 at 86-103. The request, which Meier attached as an exhibit to her complaint, is addressed to Old Republic Default Management Services. *Id.* at 86.

---

[2] Defendants report that Meier has filed a series of unsuccessful bankruptcy petitions since 2011. ECF No. 23 at 9. Defendants also state that Meier has been involved in three prior state court cases suing Defendants regarding the property and the loan and that in each case, plaintiffs ultimately dismissed their complaint without prejudice. *Id.* at 10. Because it is unnecessary to the resolution of these motions, the Court does not rely on these factual contentions.

**B. Procedural History**

On June 5, 2018, Meier brought a pro se lawsuit against U.S. Bancorp, U.S. Bank, and Quality Loan Service Corporation ("QLSC")[3] in California state court. ECF No. 1-1 at 2-8. Meier's complaint alleges that Defendants' refusal to accept the Payment Bond violated (1) a United Nations Commission on International Trade Law ("UNCITRAL") treaty, (2) the federal Administrative Procedure Act ("APA"), (3) the federal Real Estate Settlement Procedures Act ("RESPA"), and (4) various provisions of California law. *Id.* Meier seeks declaratory and injunctive relief deeming her to have satisfied the loan and terminating the pending foreclosure proceedings. *Id.*

On June 29, 2018, U.S. Bancorp and U.S. Bank filed a notice of removal, in which QLSC consented. ECF No. 1.

The parties subsequently stipulated to cross-motions for summary judgment before this Court. ECF No. 22. Defendants filed their motion for summary judgment on November 9, 2018. ECF No. 23. Meier filed an opposition and a separate but materially identical cross-motion for summary judgment on November 26, 2018. ECF Nos. 32, 34. On December 10, 2018, Defendants filed their reply in support of their motion and opposition to Meier's motion, ECF No. 36, as well as separate objections to Meier's declarations, ECF Nos. 37, 38. Although the parties' briefing schedule permitted Meier to file a reply by December 17, 2018, she did not file one.

**II. JURISDICTION**

Defendants removed this case pursuant to 28 U.S.C. § 1441, alleging that Meier's complaint raises federal questions under 28 U.S.C. § 1331. ECF No. 1. Defendants contend that Meier asserts federal claims under (1) the APA; (2) the UNCITRAL treaty; and (3) RESPA. *Id.* ¶¶ 4-5. Further, they assert, the Court has supplemental jurisdiction over any remaining state-law claims. *Id.* ¶ 7.

The Court has "a continuing, independent obligation to ensure that [it has] subject matter jurisdiction over a case." *Clark v. City of Seattle*, 899 F.3d 802, 808 (9th Cir. 2018) (internal

---

[3] QLSC was substituted as the trustee under the deed of trust on November 4, 2015. ECF No. 24 at 5, 195-96.

1 quotation marks and citation omitted). The "presumption against removal jurisdiction" requires the Court to "'strictly construe the removal statute,' and reject federal jurisdiction 'if there is any doubt as to the right of removal in the first instance.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009).

**A.    28 U.S.C. § 1331**

Though Meier's complaint cites two federal statutes and an international treaty, that is not the end of the matter. "[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1094 (9th Cir. 2008) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

The Court first considers Meier's APA claim. Meier's complaint cites the federal APA, ECF No. 1-1 at 5, then later states: "Defendants have violated the Administrative Procedures Act, under California Uniform Commercial Code Sections 1207 and 3505." ECF No. 1-1 at 8. To the extent Meier raises an APA claim, it is "immaterial, insubstantial, or frivolous on its face." *Allen v. Boeing Co.*, 821 F.3d 1111, 1119 n.8 (9th Cir. 2016). To begin with, none of the Defendants is a federal agency governed by the statute. 5 U.S.C. § 701(b)(1). For another, no provision of the Administrative Procedures Act of which the Court is aware requires compliance with the California Uniform Commercial Code. The statute simply does not apply. *See Ballou v. Vancouver Police Officers' Guild*, 389 F. App'x 681, 682 (9th Cir. 2010) (holding that federal-question jurisdiction did not exist where "there is no question that the [statute] d[id] not apply").[4]

The Court next turns to Meier's international law claim. Meier cites Article 72 of the UNCITRAL Convention on International Bills of Exchange and International Promissory Notes,

---

[4] Pursuant to Ninth Circuit Rule 36-3, *Ballou* is not precedential. Nevertheless, the Court relies upon it as persuasive authority.

4

Dec. 9, 1988, 28 I.L.M. 170 (the "UNCITRAL Convention"), which provides that "[a] party is discharged of liability on the instrument when he pays the holder, or a party subsequent to himself who has paid the instrument and is in possession of it, the amount due pursuant to [other provisions of the Convention]." ECF No. 1-1 at 6. The Convention has not been ratified by the United States, and so does not provide Meier with a cause of action. *See Sneed v. HomEq Servicing Corp.*, No. 1:07-CV-937-WCO, 2007 WL 9706490, at *3 (N.D. Ga. Dec. 18, 2007), *report and recommendation approved*, 2008 WL 11411346 (N.D. Ga. Jan. 17, 2008); UNCITRAL Convention, art. 89. Moreover, Meier has identified no evidence that this dispute involves "an international bill of exchange" or "an international promissory note," and the Payment Bond does not contain the required language stating that the Convention applies. UNCITRAL Convention, art. 1; *see also Belle v. Chase Home Fin. LLC*, No. 06CV2454 WQH (LSP), 2007 WL 3232505, at *5 (S.D. Cal. Oct. 31, 2007) (granting motion to dismiss where plaintiff did "not explain how the UN Convention [wa]s implicated by his ownership of real property located solely in the United States").

Accordingly, the Court dismisses with prejudice Meier's APA and UNCITRAL Convention claims for lack of subject-matter jurisdiction because they are "wholly insubstantial and frivolous." *Grancare, LLC*, 889 F.3d at 549 (citation omitted); *see also* Fed. R. Civ. P. 12(b)(1).

Finally, the Court considers Meier's RESPA claim. As explained below, this claim is barred by the statute of limitations. But that defect is not jurisdictional. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995) ("Because the question whether Supermail's claim is barred by the statute of limitations is not a jurisdictional question, it should have been raised through a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of jurisdiction."). And although the Court determines that the claim must be dismissed as untimely, it is not wholly insubstantial or frivolous on the face of the complaint.

The Court therefore exercises jurisdiction over Meier's RESPA claim pursuant to 28 U.S.C. § 1331.

5

**B. Supplemental Jurisdiction**

The Court next turns to the question of supplemental jurisdiction. A district court has supplemental jurisdiction over a state law claim if that claim is "so related" to claims over which the district court has original jurisdiction that it forms "part of the same case or controversy." 28 U.S.C. § 1367(a).

As the above discussion suggests, it is difficult to discern the precise claims alleged in Meier's complaint. The gravamen of her complaint, however, appears to be that Defendants failed to acknowledge the Payment Bond as a valid satisfaction of her debt, which raises questions of state contract law. Indeed, Meier cites a number of California statutes, *see* ECF No. 1-1 at 5, 8; ECF No. 32 at 2, 4, and much of Defendants' summary judgment briefing is dedicated to disproving the existence of a state contract claim, *see* ECF No. 23 at 14-19.

To the extent Meier has a state-law contract claim, it is not "so related to" her RESPA claim[5] "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (quoting *Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)). In making this determination, courts have looked to the degree of overlap between the legal and factual issues necessary to resolve the different claims. *See AngioScore, Inc. v. TriReme Med., Inc.*, 87 F. Supp. 3d 986, 999 (N.D. Cal. 2015); *Slack v. Int'l Union of Operating Eng'rs*, No. C-13-5001 EMC, 2014 WL 4090383, at *9 (N.D. Cal. Aug. 19, 2014).

Here, whether the Payment Bond satisfied Meier's loan obligations under California law presents entirely distinct legal issues from whether Defendants violated a statutory duty to respond to Meier's RESPA inquiry. Nor are the claims factually intertwined, as Meier's inquiry does not reference the Payment Bond. *See* ECF No. 1-1 at 86-103. Indeed, the RESPA inquiry is dated March 31, 2014, *see id.* at 103, and as Defendants note, even including "ample time for mail

---

[5] As noted above, Meier's APA and international law claims are insufficient to invoke federal question jurisdiction, and they therefore cannot anchor the supplemental jurisdiction analysis.

6

service," their response to the inquiry would have been due on May 5, 2014. ECF No. 36 at 16-17. The Payment Bond, however, was not executed until May 8, 2014. ECF No. 1-1 at 16. On their face, these claims are not sufficiently related to confer supplemental jurisdiction, and nothing in Defendants' notice of removal or their summary judgment briefing identifies a further connection. Defendants have not carried their burden to establish this basis for jurisdiction. *See Marin Gen. Hosp.*, 581 F.3d at 944.

Accordingly, the Court concludes that it lacks supplemental jurisdiction over Meier's state-law claims. The Court must, therefore, sever and remand those claims to state court. *See* 28 U.S.C. § 1441(c)(2).

## III. EVIDENTIARY ISSUES

Defendants have filed a request for judicial notice of various documents. ECF Nos. 26, 27. The Court DENIES the request because it finds those documents unnecessary to resolve these motions.

Defendants also filed separate objections, ECF Nos. 37, 38, to declarations Meier filed in support of both her opposition and her cross-motion for summary judgment, ECF Nos. 33, 35.[6] The Court does not consider any that evidence for the disputed purposes, and so it OVERRULES the objections as moot.

## IV. MOTIONS FOR SUMMARY JUDGMENT

### A. Legal Standard

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if there is sufficient evidence for a reasonable trier of fact to resolve the issue in the nonmovant's favor, and a fact is material only if it might affect the outcome of the case. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)). The court must draw all

---

[6] The Court notes that the Civil Local Rules instruct that "[a]ny evidentiary and procedural objections to the motion [or opposition] must be contained within the brief or memorandum." Civil L.R. 7-3(a), (c). Because Defendants' objections, when added to their brief, ECF No. 36, do not exceed the applicable page limits, the Court nevertheless considers them.

7

reasonable inferences in the light most favorable to the nonmoving party. *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1018 (9th Cir. 2010).

Where the party moving for summary judgment would bear the burden of proof at trial, that party "has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Where the party moving for summary judgment would not bear the burden of proof at trial, that party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party satisfies its initial burden of production, the nonmoving party must produce admissible evidence to show that a genuine issue of material fact exists. *Id.* at 1102-03. If the nonmoving party fails to make this showing, the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### B. Defendants' Motion for Summary Judgment

As noted above, the Court lacks jurisdiction except as to the RESPA claim. That claim alleges that Defendants failed to respond to a "qualified written request" ("QWR") Meier submitted some time on or after March 21, 2014. ECF No. 1-1 at 8, 86-103. The recipient of a QFR must provide written acknowledgement within 5 days, as well as take action and provide a response within 30 days. 12 U.S.C. § 2605(e)(1)(A), (2).

At the outset, this claim is barred by RESPA's three-year statute of limitations, which runs "from the date of the occurrence of the violation." 12 U.S.C. § 2614. Meier filed her complaint on June 5, 2018, more than four years after U.S. Bank would have been required to respond.

The Court further notes that, even were Meier's RESPA claim timely, it does not support the declaratory and injunctive relief requested in her complaint, as RESPA does not provide for such relief regarding the status of a loan. *Cf.* 12 U.S.C. § 2605(f) (providing for damages and costs). Moreover, "[a] plaintiff who alleges a violation of section 2605 must also allege actual pecuniary damages," and Meier has provided no evidence of such damages (particularly as she has

8

been otherwise unable to cure her default), let alone "a causal connection between the RESPA violation and the pecuniary damages." *Laine v. Wells Fargo Bank, N.A.*, No. C 13-04109 SI, 2014 WL 793546, at *4 (N.D. Cal. Feb. 26, 2014).

Finally, it is questionable whether Meier has even raised a genuine issue of fact whether Defendants received the QWR, thereby triggering a duty to respond, given that it was addressed to Old Republic Default Management Services, ECF No. 1-1 at 86, which is not a party to this action. *Cf.* ECF No. 24 at 5 (declaring that U.S. Bank has no record of the QWR and did not authorize Old Republic to receive QWRs on its behalf).

The Court therefore GRANTS summary judgment to Defendants on Meier's RESPA claim. Because Defendants are entitled to summary judgment on the sole claim properly before the Court, the Court does not address Meier's motion separately.

## CONCLUSION

In sum, the Court dismisses with prejudice Meier's APA and UNCITRAL Convention claims for lack of jurisdiction, severs and remands Meier's state-law claim, and grants summary judgment to Defendants on Meier's RESPA claim. The Court denies Meier's cross-motion for summary judgment.

**IT IS SO ORDERED.**

Dated: April 25, 2019



JON S. TIGAR
United States District Judge